**MICHAEL J.D. SWEENEY** (*pro hac vice* )
**GETMAN, SWEENEY & DUNN, PLLC**
260 Fair Street
Kingston, NY 12401
(845) 255-9370
msweeney@getmansweeney.com

**SUSAN MARTIN** (*pro hac vice*
**JENNIFER KROLL**(***pro hac vice***)
**MARTIN & BONNETT, P.L.L.C.**
4647 N. 32nd St. Suite 185
Phoenix, Arizona 85018
(602) 240-6900
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com

**EDWARD TUDDENHAM** (*pro hac vice* )
23 Rue Du Laos
Paris, France
33 684 79 89 30
etudden@prismnet.com

**HOWARD Z. ROSEN**
**ROSEN MARSILI RAPP LLP**
3600 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010
(213) 389-6050
hzrosen@rmrllp.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

SALVADOR CANAVA, JESUS
DOMINGUEZ, and OMAR
RODRIGUEZ, individually And on
behalf of others similarly situated,

Case No. 5:19-cv-00401-SB (KK)

                Plaintiffs,

**THIRD AMENDED COLLECTIVE**
**& CLASS ACTION COMPLAINT**

    vs.

RAIL DELIVERY SERVICES,
INCORPORATED AND GREG P.
STEFFLRE, JUDI GIRARD
STEFFLRE,

           Defendants.

---

    1.    Plaintiffs are California based truck drivers who regularly drove commercial vehicles in interstate commerce for Defendant RAIL DELIVERY SERVICES, INCORPORATED ("RDS") in California.

    2.    Defendant RDS is a privately-owned company headquartered in California. It is owned and operated by Defendant GREG P. STEFFLRE to move freight for customers of RDS.

    3.    This is an action for relief from Defendants' policy of willfully and unlawfully misclassifying Plaintiffs as "independent contractors" and by that system, failing to reimburse them for employment-related expenses and losses; taking wrongful deductions from their wages; failing to provide meal and rest breaks and/or

2

premium pay, and failing to provide lawful minimum wages for all hours worked in violation of the California Labor Code, California's Industrial Welfare Commission Wage Order No. 9 ("IWC Wage Order No. 9") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et. seq.

4.     By treating its Drivers as independent contractors instead of employees, Defendants obtain a vast competitive advantage over competitor trucking companies that treat their employee drivers as employees in compliance with the law. As such, Defendants' pay practices drive down trucker wages and undercut fair labor practices in California and across the country.

5.     Plaintiffs bring their federal minimum wage claims individually and on behalf of other similarly situated Drivers under the collective action provisions of the FLSA, 29 U.S.C. § 216(b).

6.     Plaintiffs bring their state claims as a class action pursuant to Fed. R. Civ. P. Rule 23.

7.     Defendants require Plaintiffs to sign an Independent Contractor Agreement ("ICA") that states certain disputes between the parties "shall be arbitrated according to the terms of the Federal Arbitration Act (9 U.S.C § 1, et. seq.)".

8.     The ICA and its arbitration provision do not apply to Plaintiffs (a) as they are void as unconscionable and (b) the ICA and Defendants' truck lease agreements with Plaintiffs are exempt from coverage under the Federal Arbitration Act.

9.     Section 1 of the FAA, 9 U.S.C. §1, exempts, inter alia, contracts with transportation workers engaged in commerce, regardless of whether they are employees or independent contractors. Accordingly, the Federal Arbitration Act is

3

inapplicable to the claims asserted herein.

## JURISDICTION

10.    Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the FLSA and by 28 U.S.C. §1331, as this action arises under laws of the United States, and by 28 U.S.C. §1337, as this action arises under Acts of Congress regulating commerce. Jurisdiction over Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

11.    This Court has supplemental jurisdiction over the state law claims raised by virtue of 28 U.S.C. §§ 1332 and 1367 including § 1367(a).

## VENUE

12.    The Named Plaintiffs SALVADOR CANAVA, JESUS DOMINGUEZ, and OMAR RIVERA reside in California.

13.    Defendants reside in California. Defendant RDS has its headquarters and terminal in Central District. Defendant STEFFLRE works, and upon information and belief, resides in Central District.

14.    Venue is proper in the Central District of California, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in Central District and at least one Defendant resides in Central District.

## PARTIES

15.    The term "Plaintiffs" as used in this Complaint refers to the named Plaintiffs and all individuals represented pursuant to the collective action provisions of 29 U.S.C. §216(b) as well as all putative Rule 23 Class Members as defined below.

### A.    Named Plaintiffs

4

16.     Plaintiffs SALVADOR CANAVA, JESUS DOMINGUEZ, and OMAR RIVERA are natural persons residing in California. They leased a truck from Defendants and signed Defendants' Independent Contractor Agreement.

**B.     Represented Parties under FLSA**

17.     Named Plaintiffs CANAVA, DOMINGUEZ, and RIVERA bring this case under the collective action provision of the FLSA as set forth in 29 U.S.C. §216(b) on behalf of themselves and similarly situated persons defined as "all individuals who lease(d) a truck from RDS to drive for RDS during the three years preceding the filing of the initial complaint and through the date of final judgment herein and subject to any equitable tolling for any applicable portion of the limitation period." The putative FLSA collective action is referred to herein as the FLSA Class.

**C.  Rule 23 Class Action Allegations**

18.     Named Plaintiffs CANAVA, DOMINGUEZ, and RIVERA bring the claims under California law set forth herein under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of similarly situated persons defined as "all individuals who lease(d) a truck from RDS to drive for RDS in California during the limitation period preceding the filing of the initial complaint and through the date of final judgment herein and subject to any equitable tolling for any applicable portion of the limitation period." This proposed class is referred to herein as the Rule 23 Class.

19.     Excluded from any Rule 23 Class and FLSA Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the relevant class periods has had, a controlling interest in any Defendants or supervised any other Plaintiffs.

20.     The persons in the Rule 23 Class are so numerous that joinder of all

5

members is impracticable. The precise number of such persons is not known to Named Plaintiff, however, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

21.     Plaintiffs are informed and believes and, based upon such information and belief, allege that there are in excess of 100 members in the Rule 23 Class.

22.     There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    a. Whether the Rule 23 Class members have provided services to Defendants as employees rather than independent contractors under California law;

    b. Whether Rule 23 Class members have necessarily incurred employment-related expenses and losses in performing their duties for Defendants;

    c. Whether Defendants have failed to indemnify Rule 23 Class members for their necessary employment-related expenses and losses in violation of Labor Code § 2802;

    d. Whether Defendants' failure to indemnify Rule 23 Class members for their necessary employment-related expenses and losses constitutes an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code §17200, *et seq*.;

    e. Whether Defendants have made deductions from the compensation paid to Rule 23 Class members in violation of California law;

6

f. Whether Defendants' deductions from Rule 23 Class members' compensation constitute an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code § 17200, *et seq*.;

g. Whether Defendants have failed to provide Rule 23 Class members with legally required off-duty meal periods and/or compensation for missed meal periods in violation of Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9, § 11;

h. Whether Defendants' failure to provide Rule 23 Class members with legally required off-duty meal periods and/or meal period compensation constitutes an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code § 17200, *et seq*.;

i. Whether Defendants have failed to authorize and permit Rule 23 Class members with legally required off-duty, paid rest periods and/or compensation for missed rest periods in violation of Labor Code §§ 226.7 and IWC Wage Order No. 9, §12;

j. Whether Defendants' failure to authorize and permit Rule 23 Class members legally required off-duty, paid, rest periods and/or rest period compensation constitutes an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code § 17200, *et seq*.;

k. Whether Defendants imposed unconscionable and/or unlawful lease and "Independent Contractor" contracts upon

7

Plaintiffs under Civil Code §1670.5;

l.   Whether Defendants were unjustly enriched by imposition of unconscionable contracts upon Plaintiffs;

m.   Whether Plaintiffs are entitled to declaratory judgment as to any of the claims identified herein; and

n.   The nature and extent of Class-wide injury and the appropriate measure of damages for the Classes;

23.   The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent insofar as they allege that (a) Defendants have a policy and pattern or practice of exercising the powers of an employer with respect to them and the Rule 23 Class; (b) Defendants failed to pay them and the Rule 23 Class all wages due, (c) Defendants made unlawful and excessive deductions from their wages and the Rule 23 Class members' wages and (d) failed to pay them and the Class members the minimum wage for all hours worked, and failed to afford them and the Class all meal and rest breaks required by law.

24.   Plaintiffs and their counsel will fairly and adequately represent and protect the interests of the Rule 23 Class members.

25.   Defendants have acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole under Fed. R. Civ. P Rule 23(b)(2).

26.   The state law claims are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b). A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of wage litigation like the present action, where individual Plaintiffs may

8

lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant of this size and with greater resources. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**D.    Defendants**

27.    Defendant RAIL DELIVERY SERVICES, INCORPORATED (RDS) is a California business corporation that has its principal place of business in Fontana, California.

28.    Defendant GREG P. STEFFLRE, is a resident of the State of California. He is an attorney, co-founder of RDS, and its Chief Executive Officer. Plaintiff is informed and believes, and based upon such information and belief, alleges that STEFFLRE has an ownership interest in the RDS, and purports to own the copyright on the ICA used by RDS to employ the members of the class.

29.    Defendant JUDI GIRARD STEFFLRE is a resident of the State of California. She is cofounder, Chairman and COO of RDS. Upon information and belief, she has an ownership interest in the corporate defendant, and manages the operations of RDS.

30.    Plaintiffs are informed and believe and based upon such information and belief, alleges that the non-corporate Defendants are related individuals at least one of whom has offices at the principal place of business of RDS in Fontana, California.

**FACTS**

31.    Defendant RDS is a motor carrier that is engaged in the interstate

9

shipment of freight.

32.   Defendants conduct business throughout the country.

33.   Defendants, individually and collectively, constitute an enterprise engaged in interstate commerce for purposes of the Fair Labor Standards Act.

34.   Defendants have common control and a common business purpose and are operated as a single enterprise, within the meaning of 29 U.S.C. 203(r)(1).

35.   All actions and omissions described in this complaint were made by Defendants directly or through their supervisory employees and agents.

36.   Plaintiffs, including named Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, entered into two form documents with Defendant RDS, a truck Rental Agreement (hereafter "Truck Lease") and an ICA which purports to make the driver an independent contractor of RDS for purposes of driving freight for RDS.

37.   Plaintiff CANAVA signed Defendants' ICA and Truck Lease with RDS in September 2017 and thereupon began working for Defendants as a truck driver.

38.   Plaintiff DOMINGUEZ signed Defendants' ICA and Truck Lease with RDS in or around March 2016 and thereupon began working for Defendants as a truck driver.

39.   Plaintiff RIVERA signed Defendants' ICA and Truck Lease with RDS in or around May 2017 and thereupon began working for Defendants as truck driver.

40.   Plaintiff CANAVA drove for Defendants in California pursuant to his ICA and Truck Lease from in or around September 2017 to in or around April 2018.

41.   Plaintiff DOMINGUEZ drove for Defendants in California pursuant to his ICA and Truck Lease from in or around March 2016 until June 2018.

42.   Plaintiff RIVERA drove for Defendants in California pursuant to his

10

ICA and Truck Lease from in or around June 2017 to in or around February 2019.

43.     The Truck Lease and ICA are form agreements that are drafted by Defendants and are presented to Plaintiffs as a package on a take it or leave it basis. Together they formed a single contract.

44.     The Truck Lease that Plaintiffs signed obligated them to simultaneously sign and maintain an ICA with RDS.

45.     The Truck Lease purports to bind Plaintiffs for a term of up to 5 or more years.

46.     The ICA has a term of one year in some instances.

47.     While the ICA and the Truck Lease state that Plaintiffs are independent contractors, these contracts allow Defendants to exert nearly complete control over Plaintiffs' work and ensure that Plaintiffs cannot independently work for other trucking companies.

48.     Despite the declaration in the ICA and the Truck Lease that Plaintiffs are "independent contractors," Defendants treat Plaintiffs as employees as a matter of law in that, *inter alia:*

    a.     Defendants' agents inform Plaintiffs that they can only drive for RDS and are not permitted to drive for other carriers.

    b.     RDS controls the manner in which the work is to be performed;

    c.     RDS controls Plaintiffs' opportunity for profit or loss through its assignment of loads and trailers, and its setting of compensation rates;

    d.     RDS owns Plaintiffs' truck and controls Plaintiffs' investment in equipment or materials required for driving

11

RDS freight,

e.    RDS controls Plaintiffs' employment of helpers;

f.    RDS has the special skills necessary for the operation of a trucking company – its sales force, its dispatchers, its computer systems, its communications, GPS, billing and payroll;

g.    RDS controls the degree of permanence of the working relationship; and

h.    The services rendered by Plaintiffs are an integral part of the business of RDS.

49.    Plaintiffs fulfill the primary business in which RDS engages – the transportation of goods for the customers of RDS.

50.    Defendants dispatch Plaintiffs to jobs that it wishes them to perform. Defendants monitor and control the time of Plaintiffs' departure and the time of arrival. Defendants can dictate and monitor the route Plaintiffs will travel. Defendants give job instructions by a pre-printed manual with which Plaintiffs are obligated to comply.

51.    Defendants also give job instructions and monitor compliance with those instructions by use of an on-board communications and GPS system, and by telephone.

52.    Defendants assign shipping work to the Plaintiffs through the on-board communications and GPS system on which RDS sets the day and time for pickup and delivery of freight.

53.    Defendants monitor Plaintiffs' exact location, speed, control of the truck, route, estimated time of arrival, rest time and driving time, and other aspects

of job performance by the on-board computerized communications and GPS system.

54.     Defendants can seize a Plaintiff's truck, for many reasons, including "there are negative material changes which, in [RDS] discretion, substantially impact your business operations" and/or if a Plaintiff is deemed by RDS to be in breach of any term of the rental agreement or a material breach of the ICA.

55.     By the terms of the Truck Lease, RDS does not lease to truck drivers who will not drive for RDS.

56.     The ICA provides that RDS may cancel the Plaintiffs' contracts and discharge Plaintiffs immediately with "cause," or on 1 days' notice without cause.

57.     RDS may effectively discharge Plaintiffs at will on less than 1 day's notice by refusing to dispatch them.

58.     If Defendants terminate a Plaintiff's ICA, Defendants are permitted to take possession of the truck and insist that the remaining lease payments be paid to RDS, even though Defendants' termination of the ICA and the Truck Lease may have caused the "default" and notwithstanding that any actual losses are capable of determination and mitigation through re-leasing the truck, and that any losses are far less than asserted by Defendants.

59.     The ability to terminate the ICA is not mutual, as there are severe consequences to a Plaintiff that terminates the ICA, including repossession of the truck and the truck driver's liability to Defendants for liquidated damages.

60.     Because Defendants take possession of the truck upon discharge of a Plaintiff, Plaintiffs are unable to use the truck to drive for other trucking companies. Thus, Plaintiffs are often forced to endure working under Defendants' exclusive control for the duration of their lease.

61.     Defendants prohibit Plaintiffs from freely using the truck they lease

13

from Defendants by a variety of means, including but not limited to the following:

    a.   The ICA gives RDS exclusive control over the equipment.

    b.   Plaintiffs are not permitted to drive the vehicle other than for the business of RDS.

    c.   Plaintiffs cannot freely hire other truckers to work for them without the approval of RDS.

    d.   RDS controls where the vehicle will be parked.

    e.   RDS controls what loads will be carried.

    f.   RDS owns the trailers used to carry freight for RDS.

    g.   RDS negotiates with shippers for the terms by which RDS and Plaintiffs will carry freight.

    h.   RDS prohibits transfer or assignment or sublease of its truck.

    i.   Defendants tell Plaintiffs they cannot drive for third parties.

    j.   RDS can put a Plaintiff in default for driving for another trucking company without permission.

    k.   Merely requesting permission to drive for another trucking company puts a Plaintiff at risk that RDS can put the Plaintiff in default of the Truck Lease without cause, thereby requiring Plaintiffs to pay the net aggregate lease balance and surrender the truck at Plaintiffs' expense.

    l.   While the ICA purports to permit Plaintiffs to perform work for other trucking companies, Plaintiffs are effectively compelled to work only for RDS during the terms of their contract.

62.     Defendants cannot show that Plaintiffs (a) are, in fact, free from the

14

control and direction of RDS in connection with the performance of the work, (b) perform work for RDS that is outside the usual course of the business of RDS, and (c) are customarily engaged in an independently established trade, occupation, or business.

63.   As a result of the facts alleged in the foregoing paragraphs, Plaintiffs are not properly be deemed independent contractors, but instead are employees of RDS which has suffered and permitted and continues to suffer and permit Plaintiffs to work.

64.   Plaintiffs' equipment lease requires them to make weekly payment of a portion of the total lease price. The rental payment is deducted from each Plaintiff's wage remittance for the lease of the Defendants' truck.

65.   Defendants deduct monthly fees for use of the on-board communications and GPS which Plaintiff must rent/purchase from Defendants (incurring additional pay deductions) or elsewhere.

66.   Plaintiffs are required to pay money to Defendants for security which has not been returned to Plaintiffs upon their termination.

67.   The deductions described in the three preceding paragraphs are business expenses of Defendants that act as deductions from Plaintiffs wages. Other business expenses of Defendants that the Truck Lease and ICA require Plaintiffs to bear are: rent and other fees for the truck; the communications and GPS device by which Defendants send instructions to Plaintiffs; liability insurance (indemnifying RDS); taxes; tolls; gas; maintenance, and a wide variety of other charges.

68.   Defendants deduct their business expenses, including those listed in the preceding paragraph as well as, insurance premiums and security deposits from Plaintiffs' compensation.

69.   Defendants coerce or compel Plaintiffs to purchase many of the items listed above from Defendants or their preferred sources.

70.   Named Plaintiffs CANAVA, DOMINGUEZ, and RIVERA are informed and believe, and based upon such information and belief, allege that Defendants claim the depreciation on the trucks leased to Plaintiffs.

71.   While Defendants' scheme described herein shifts the costs of maintaining RDS' fleet and general business operations to Plaintiffs, Defendants keep all the benefits. This scheme also shifts the risk of trucking business downturns from Defendants to Plaintiffs as Defendants are not obligated to give Plaintiffs any specific amount of work while Plaintiffs have continuing obligations to RDS under the lease, insurance policies and other matters.

72.   RDS pays Plaintiffs by trip rates and other flat rates set by the company (i.e., piece rate compensation).

73.   Defendants do not guarantee any amount of work to Plaintiffs.

74.   Defendants failed to pay Plaintiff the applicable federal and State minimum wage for each hour worked in some weeks.

75.   Plaintiffs performed services for Defendants that include nonproductive time for which Defendants did not pay them separate from their piece rate compensation.

76.   Defendants' treatment of Plaintiffs as independent contractors caused them loss of wages, additional tax burdens, insurance obligations, and a variety of other monetary and non-monetary compensable harm.

77.   Defendants' failure to pay Plaintiffs the proper wages required by law was willful.

78.   Defendants extracted profits by failing to pay Plaintiffs' the wages that

would otherwise be due.

79.     Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Classes.

80.     Defendants were aware or should have been aware that the law required them to pay Plaintiffs and the Class Members' minimum wages for each workweek.

81.     The Truck Lease and ICA contracts are unlawful and unconscionable, insofar as they (a) call for the employment of Plaintiffs but treat them as independent contractors; (b) allow RDS to terminate Plaintiffs' Truck Lease and ICA but nevertheless require Plaintiffs to continue to make lease payments: (c) shift Defendants' risk of business downturn to Plaintiffs; (d) make Plaintiffs responsible for the costs of carrying and maintaining Defendants' fleet, and (e) exact profits and reimbursements from Plaintiff- employees.

82.     By using the Truck Lease and ICA contract to misclassify Plaintiffs and unlawfully shift the costs of their business to Plaintiffs, Defendants gained a significant competitive advantage over competing trucking companies that treated their employee-drivers as employees.

83.     The ICA and the Truck Lease state that California substantive law applies to the Parties.

84.     Plaintiffs were engaged in interstate commerce while working for Defendants pursuant to their Truck Leases and ICAs.

85.     Trucks leased to Plaintiffs through RDS are registered with the California Department of Motor Vehicles to RDS.

## FIRST CLAIM FOR RELIEF
### (Violation of the Fair Labor Standards Act)

86.     Plaintiffs incorporate by reference as through fully alleged herein Paragraphs 1 through 81, inclusive.

87.     Defendants failed to pay Plaintiffs federal minimum wages for each hour worked in each work week in violation of the Fair Labor Standards Act, 29 U.S.C. §206 et seq. and its implementing regulations.

88.     Defendants' failure to pay proper minimum wages for each hour worked per week was willful within the meaning of the FLSA.

89.     As a direct and proximate result of Defendants' failure to comply with the FLSA minimum wage protections, Plaintiffs suffered loss of wages, liquidated damages, and interest thereon. As a further and direct result of Defendants' unlawful conduct, as set forth herein, members of the FLSA Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, are entitled to recover costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Relief for unconscionable agreements)

90.     Plaintiffs incorporate by reference as through fully alleged herein Paragraphs 1 through 85, inclusive.

91.     The Defendants' Truck Lease and ICA are unconscionable.

92.     The Defendants' unconscionable agreements are void, or alternatively, voidable by Plaintiffs under the common law.

93.     The Defendants have been unjustly enriched by the unconscionable terms of the contracts they imposed on the Plaintiffs.

94.     Plaintiffs are entitled to restitution or damages in quantum meruit for the value the Defendants' unconscionable contracts conferred upon Defendants.

## THIRD CLAIM FOR RELIEF
### (Failure to pay the California minimum wage)

95.     Plaintiffs incorporate by reference as though fully alleged herein Paragraphs 1 through 90, inclusive.

18

96.     Defendants failed to pay the minimum wage and all wages due to Plaintiffs in violation of Labor Code sections 218.6, 1194 and 1182.12, and IWC Wage Order 9, Section 4.

97.     Defendants failed to pay Plaintiffs the minimum wage in each week in violation of Labor Code sections 204, 218.6, 1194 and 1182.12 and IWC Wage Order 9, Section 4.

98.     As a further and direct result of Defendants' unlawful conduct, as set forth herein, the members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, are entitled to recover minimum wages, liquidated damages, as well as costs and attorneys' fees pursuant to statute, all in a sum to be established at trial.

**FOURTH CLAIM FOR RELIEF**

**(Failure to compensate piece rate employees for nonproductive time)**

99.     Plaintiffs incorporate by reference as though fully alleged herein Paragraphs 1 through 94, inclusive.

100.    At all relevant times, Defendants were under a duty to comply with Labor Code 226.2.

101.    Labor Code Section 226.2 provides that an employer must compensate its piece-rate employees for nonproductive time at no less than the applicable minimum wage. (§ 226.2, subd. (a)(4).)

102.    At all times relevant to this complaint, Plaintiffs CANAVA, DOMINGUEZ, and RIVERA performed services for Defendants that included nonproductive time.

103.    Defendants failed to pay Plaintiffs CANAVA, DOMINGUEZ, and RIVERA at least the minimum wage for all nonproductive time worked, in violation of sections 1194 and 226.2. As a direct and proximate result of RDS' unlawful

conduct, as set forth herein, the members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, are entitled to recover from Defendants, jointly and severally, all unpaid wages owed under sections 1194 and 226.2, plus liquidated damages under section, prejudgment interest, and an award of attorney's fees and costs.

**FIFTH CLAIM FOR RELIEF**

**(Failure to provide meal periods or compensation in lieu thereof)**

104.   Plaintiffs incorporate by reference as though fully alleged herein Paragraphs 1 through 99, inclusive.

105.   At all relevant times, Defendants were under a duty to comply with Labor Code sections 226.7 and 512 and IWC Wage Order No. 9.

106.   Labor Code section 226.7 and IWC Wage Order No. 9 provide that if an employer fails to provide a non-exempt employee with an appropriate of duty meal period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

107.   Pursuant to the polices and business practices of RDS, Rule 23 Class members, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, were not regularly provided adequate meal periods as required by California law and were not compensated by Defendants for each work day that adequate meal periods were not provided.

108.   By failing to regularly provide timely uninterrupted and unrestricted meal periods, during which members of the Rule 23 Class were relieved of all duty, Defendants violated Labor Code sections 226.7 and 512, and IWC Wage Order No. 9.

109.   As a direct and proximate result of RDS' unlawful conduct, as set forth

herein, the members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, are entitled to unpaid wages and interest pursuant to statute, all in a sum to be established at trial. As a further and direct result of Defendants' unlawful conduct, as set forth herein, the members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, are entitled to recover various penalties as well as costs and attorneys' fees pursuant to statute, all in a sum to be established at trial.

**SIXTH CLAIM FOR RELIEF**

**(Failure to authorize and permit rest periods or compensation lieu thereof)**

110. Plaintiffs incorporate by reference as though fully alleged herein Paragraphs 1 through 105, inclusive.

111. At all relevant times, Defendants were under a duty to comply with Labor code sections 226.7 and IWC Wage Order No. 9.

112. Labor Code section 226.7 and IWC Wage Order No. 9 provide that if an employer fails to authorize and permit a non-exempt employee with an appropriate of paid rest period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

113. Pursuant to the polices and business practices of RDS, Rule 23 Class members, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, were not regularly authorized and permitted by Defendants' to take adequate rest periods as required by California law and did not received compensation for each work day that adequate rest periods were not provided.

114. Defendants failed to provide members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, with timely rest periods of not less than ten (10) minutes per four (4) hours or major fraction thereof worked as

required by the Labor Code.

115.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, the members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, are entitled to unpaid wages and interest pursuant to statute, all in a sum to be established at trial. As a further and direct result of Defendants' unlawful conduct, as set forth herein, the members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, are entitled to recover various penalties as well as costs and attorneys' fees pursuant to statute, all in a sum to be established at trial.

**SEVENTH CLAIM FOR RELIEF**

**(Failure to pay compensation timely upon severance of employment)**

116.   Plaintiffs incorporate by reference as though fully alleged herein Paragraphs 1 through 111, inclusive.

117.   Labor Code section 203 provides that if an employer willfully fails to timely pay earned wages due to an employee who is discharged or quits, in accordance with Labor Code sections 201 or 202, the employee's wages continue at the same rate until paid or until suit is filed, but not for more than 30 days.

118.   Defendants have had a consistent policy of failing to timely pay wages earned by members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, who have been discharged by Defendants or who have voluntarily quit. The members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, earned the above-described wages prior to their termination of employment or voluntary resignation.

119.   Defendants willfully failed to pay said wages at the time said members of the Rule 23 Class were discharged, or quit their employment, in violation of Labor

Code section 203. As a result, Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and each member of the Rule 23 Class who was discharged or voluntarily resigned is entitled to a payment of up to 30 days' pay at the rate that each such member of the Rule 23 Class was paid at the time of separation of that employee's employment and an award of reasonable attorneys' fees and costs pursuant to statute, all in amounts to be proven at trial.

## EIGHTH CLAIM FOR RELIEF

### (Failure to comply with itemized employee wage statement provisions)

120.  Plaintiffs incorporate by reference as though fully alleged herein Paragraphs 1 through 115, inclusive.

121.  Labor Code section 226(a) states that every employer shall, semimonthly or at the time of each payment of wages, furnish each of its employees, either as a detachable part of the check, an accurate itemized statement in writing showing substantial detailed information, including but limited to, all hours worked, rates of pay, and amounts paid.

122.  Defendants failed to provide "accurate itemized statements' to members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, because the wage statements failed to correctly state all items required by Labor Code section 226(a).

123.  Members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, were damaged by the failure of Defendants to comply with the requirements of Labor Code section 226, and allege that such violations were knowing and willful. Pursuant to Labor Code section 226(3), Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and members of the Rule 23 Class are entitled to recover the greater of actual damages or $50 for the initial violation and

$100 per employee for each subsequent violation up to a total of $4,000, plus reasonable attorney fees and costs, all in amounts to be proven at trial.

## NINTH CLAIM FOR RELIEF
### (Violation of Labor Code sections 221 and 2802)

124.   Plaintiffs incorporate by reference as though fully alleged herein Paragraphs 1 through 119, inclusive.

125.   Defendants made unlawful deductions from the pay due to members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, and failed to pay for employer expenses borne by Plaintiffs in violation of Labor Code sections 221 and 2802 and IWC Wage Order 9, Section 9.

126.   Defendants coerced or compelled members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, to patronize Defendants or others in the purchase of things of value in violation of Labor Code section 450.

127.   Defendants unlawfully made deductions from Plaintiffs' compensation to cover certain ordinary business expenses of Defendants, including but not limited to, payments for cargo equipment loss and damage through direct withdrawals, insurance premiums and security deposits, in violation of Labor Code § 221 and IWC Wage Order No. 9, Section 8 and are thus liable to Plaintiffs for the compensation that should have been paid but for the unlawful deductions, pursuant to Labor Code § 221 and IWC Wage Order No. 9, § 8.

128.   As a result of Defendants' unlawful conduct, as set forth herein, the members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, are entitled to be compensated for the deductions from their compensation and an award of reasonable attorneys' fees and costs pursuant to statute, all in amounts to be proven at trial.

**TENTH CLAIM FOR RELIEF**

**(Violation of Business and Professions Code section 17200 e*t* seq.)**

129.   Plaintiffs incorporate by reference as though fully alleged herein Paragraphs 1 through 124, inclusive.

130.   Defendants have engaged in unfair business practices in California by utilizing and engaging in an unlawful pattern and practice of failing to pay properly employee compensation as previously described herein, including without limitation by not paying minimum wages, by not providing adequate meal periods and rest periods, by failing to timely pay wages due and owing, and by failing to pay for violations of Labor Code sections 203, 221, 226, 226.7, 450, 1182.12, 1194, and 2802.

131.   Defendants' use of such practices constituted and constitutes an unfair business practice, unfair competition, and provides an unfair advantage of Defendants' competitors in California.

132.   As a result of their unlawful acts and unfair business practices, Defendants deprived members of the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, of the wages and benefits they legitimately earned and Defendants have used these wages and benefits for their own use and advantage. Defendants should be ordered to restore to the Rule 23 Class, including Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, their lost wages and benefits. The restitution includes all wages earned and unpaid, including interest thereon, all in an amount to be proven at trial.

**ELEVENTH CLAIM FOR RELIEF**

**(LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA"))**

25

133.   Plaintiffs incorporate by reference as though fully alleged herein Paragraphs 1 through 128, inclusive.

134.   Plaintiffs CANAVA, DOMINGUEZ, and RIVERA allege on behalf of themselves and the above-described similarly situated Truck Drivers and in a representative capacity under California Labor Code § 2699 that Defendant RDS failed to comply with the California Labor Code and applicable Wage Order, including:

    a.   Labor Code § 2802 by failing to indemnify Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and similarly situated Truck Drivers for all necessary business expenses and losses;

    b.   Labor Code § 201 and § 202 by failing to make immediate payment of all wages earned by Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and similarly situated Truck Drivers who were discharged or quit;

    c.   Labor Code § 204 and § 210 by failing to pay Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and similarly situated Truck Drivers wages at the time they were due;

    d.   Labor Code § 221, 225.5, and IWC Wage Order No. 9 by making unlawful deductions from the compensation paid to Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and similarly situated Truck Drivers for ordinary business expenses and losses without a showing that the expenses and/or losses were due to the Truck Drivers' dishonest or willful act, or to the gross negligence of the Truck Drivers;

e.  Labor Code §§ 226.7, 512, 588, and IWC Wage Order No. 9 by failing to provide off-duty meal periods to Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and similarly situated Truck Drivers;

f.  Labor Code §§ 226.7 and IWC Wage Order No. 9 by failing to permit and authorize paid, off-duty rest periods to Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and similarly situated Truck Drivers;

g.  Labor Code §§ 1182.12 and 1194 *et seq.*, and IWC Wage Order No. 9 by failing to pay minimum wage to Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and similarly situated Truck Drivers;

h.  Labor Code § 226.2 by failing to compensate Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and similarly situated Truck Drivers for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

i.  Labor Code § 226(a) and § 226.3 by failing to timely provide compliant wage statements to Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and similarly situated Truck Drivers;

j.  Labor Code § 226.8 by willfully misclassifying Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and similarly situated Truck Drivers as Independent Contractors;

k.  Labor Code 1174.5 by failing to keep payroll records for

27

Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and similarly situated Truck Drivers pursuant to 1174(c) and (d);

l. Labor Code 1197.1 by paying Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and similarly situated Truck Drivers a wage less than the minimum fixed by an applicable state or local law.

135. As a result of these violations, Plaintiffs CANAVA, DOMINGUEZ, and RIVERA are "aggrieved employees" as defined in Labor Code § 2699(a).

136. Pursuant to Labor Code § 2699, Plaintiffs CANAVA, DOMINGUEZ, and RIVERA bring this action on behalf of themselves and other current and former Truck Drivers against RDS and seeks recovery of applicable civil penalties as follows:

m. Where civil penalties are specifically provided in the Labor Code for each of the violations alleged herein, Plaintiffs CANAVA, DOMINGUEZ, and RIVERA seek recovery of such penalties;

n. Where civil penalties are not established in the Labor Code for each of the violations alleged herein, Plaintiffs CANAVA, DOMINGUEZ, and RIVERA seek recovery of the penalties set forth in § 2699(e).

137. On March 4, 2019, Plaintiff CANAVA caused written notice to be served on (a) the California Labor and Workforce Development Agency ("LWDA") by uploading a letter to the website of the LWDA and paying the requisite fee, and (b) Defendant RDS by certified mail of Plaintiff's intent to file a claim pursuant to Labor Code § 2699 *et seq.* Included with the notice was the original complaint. The

28

uploaded letter was given the case number LWDA-CM-160841-16.

138.   More than 60 days have passed since the written notice was served on the LWDA and Defendant RDS. To date, the LWDA has not responded to the notice regarding PAGA claims.

**WHEREFORE**, Plaintiffs request that this Court enter an Order:

1.   With respect to the FLSA violations

    a.   Declaring that Defendants violated the FLSA;

    b.   Approving this action as a collective action;

    c.   Declaring that Defendants' violations of the FLSA were willful;

    d.   Granting judgment to Plaintiffs CANAVA, DOMINGUEZ, and RIVERA, and similarly situated represented parties for their claims of unpaid wages as required by the Fair Labor Standards Act, as well as an equal amount in liquidated damages, and interest; and

    e.   Awarding Plaintiffs and represented parties their costs and reasonable attorneys' fees.

2.   With respect to the state law claims:

    a.   Certifying this action as a class action;

    b.   Designating Plaintiffs CANAVA, DOMINGUEZ, and RIVERA as Class Representatives;

    c.   Designating the undersigned counsel as Class Counsel;

    d.   Entering a declaratory judgment that the practices complained of herein are unlawful;

    e.   Fashioning appropriate equitable and injunctive relief to

remedy Defendants' violations of law, including but not necessarily limited to an order determining that the contract is void, or voidable, or alternatively severing any unconscionable clauses and enjoining Defendants from continuing their unlawful practices as described herein;

f.   Awarding statutory, compensatory, liquidated damages, appropriate statutory penalties, restitution and other make whole relief to be paid by Defendants according to proof;

g.   Awarding Pre-judgment and Post-Judgment interest, as otherwise provided by law;

h.   Granting such other legal, injunctive and equitable relief as the Court may deem just and proper;

i.   Awarding Plaintiffs reasonable attorneys' fees and costs, including expert fees, and

j.   Awarding Plaintiffs such other and further relief as this Court deems just and proper.

3.   With respect to the PAGA claims,

a.   An award of penalties under PAGA for the violations of the California Labor Code and Wage Order alleged above.

b.   An award of Plaintiffs CANAVA, DOMINGUEZ, and RIVERA's reasonable attorneys' fees and costs; and

4.   Awarding Plaintiffs CANAVA, DOMINGUEZ, and RIVERA and similarly situated Truck Drivers such other and further relief as this Court deems just and proper.

30

Dated: April 9, 2021

*/s/ Michael J.D. Sweeney*
Michael J.D. Sweeney
GETMAN, SWEENEY & DUNN, PLLC
260 Fair Street
Kingston, NY 12401
(845) 255-9370
msweeney@getmansweeney.com

SUSAN MARTIN
JENNIFER KROLL
MARTIN & BONNETT, P.L.L.C.
4747 N. 32nd St. Suite 185
Phoenix, Arizona 85018
(602) 240-6900
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com

EDWARD TUDDENHAM
23 Rue Du Laos
Paris, France
33 684 79 89 30
etudden@prismnet.com

HOWARD Z. ROSEN
ROSEN MARSILI RAPP LLP
3600 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010
(213) 389-6050
hzrosen@rmrllp.com

ATTORNEYS FOR PLAINTIFFS

31